Dore, J.
(dissenting). This is not a derivative stockholders suit, the essence of which is that a stockholder who himself has no claim against a wrongdoer sues the latter in the right of the corporation which alone possesses a cause of action. Under the lease here involved the right to receive rental payments belongs to minority stockholders. Their rights are such that if New York Central were to fail to perform its. obligations to pay, the stockholders as such could sue for the breach without reference to any rights of Harlem. In this case the stockholders in reality were defending their own individual rights against the direct challenge of New York Central’s suit. The stockholders and not Harlem were exposed to the peril of the loss if New York Central won the suit. That possible eventuality was the result of the determination of the Federal Government to impose corporate Federal taxes on Harlem in respect to the payments in question in spite of the fact that Harlem as a corporation had no income and could not have paid a dividend since this lease was in effect. Such taxes, of course, were in addition to the taxes the stockholders have to pay as individuals upon the payments they received directly from New York Central. When the Federal taxing authorities cannot, as here, collect from the lessee, they then impose collection of the taxes on the stockholders as so-called “ transferees ” of corporate income that never existed as such. Called upon to protect the individual interest of the stockholders, petitioners should look for their fees to those persons who retained them and received the benefit of their services rather than to Harlem.
The entire benefit of this suit inured to the minority stockholders and not to Harlem. If New York Central had won, there would be a judgment in its favor declaring it wasn’t obliged to pay the corporate income taxes assessed against Harlem and permitting New York Central to deduct pro rata from the semiannual rentals payable individually to the minority stockholders money enough to pay such taxes. Accordingly, the taxes would have been paid by the stockholders rather than by New York Central, and certainly not by Harlem.
The basis of the majority decision is apparently the fiction invented for tax purposes by the United States taxing authorities and finally upheld by the Federal courts. This fiction should not be further extended in this ease so as to make Harlem pay counsel fees of stockholders who alone received the benefit of *612 the suit and who alone would have had to bear the burden if the case had been decided in New York Central’s favor. Form should not be exalted above substance.
For these reasons and for the reasons stated by the learned court at Special Term, the orders and judgment appealed from should be affirmed.
Callahan and Shientag, JJ., concur with Van Voqbhis, J.; Dobe, J., dissents in an opinion, in which Cohn, J., concurs.
Judgment and orders reversed, with costs to the appellants to abide the event, and the proceeding referred to an official referee to hear and report on whether services rendered by counsel for any of the minority stockholders have been of benefit to Harlem in the present lawsuit and, if so, to hear and report upon the value of such services, and by whom rendered. Settle order on notice. [See post, p. 1025.]